UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARLON KING CURRY,

    Plaintiff,

v.                                    Case No. 18-C-235

DR. KREMBS & NURSE STREEL,

    Defendants.

## SCREENING ORDER

Plaintiff Marlon Curry, who is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff is currently incarcerated at Green Bay Correctional Institution, but was incarcerated at Racine Correctional Institution (RCI) during all relevant times. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff is required to pay the $350.00 statutory filing fee for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed without prepayment of the full filing fee. Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $12.00. Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that Dr. Krembs and Nurse Streel examined him on October 12, 2017, in RCI's Health Services Unit. ECF No. 1 at 2. Plaintiff alleges Dr. Krembs examined a large mass on Plaintiff's back, which he diagnosed as a lipoma. *Id*. Plaintiff alleges Dr. Krembs informed him that he needed to have surgery to remove it at a hospital and that he would schedule the surgery to be performed by him in four weeks. *Id*. Plaintiff alleges Dr. Krembs still has not performed the

surgery and that he has been in pain since October. *Id*. at 2, 4. He also alleges the lipoma was originally the size of an orange, but over the past four months it has grown to the size of a grapefruit. *Id*. at 4.

### THE COURT'S ANALYSIS

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Plaintiff's claim is predicated on the principle adopted by the Supreme Court in *Estelle v. Gamble* that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." 429 U.S. 97, 104 (1976). The principle derives from the fact that "[a]n inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met." *Id.* at 103.

To demonstrate deliberate indifference, a plaintiff must show "actual knowledge by the officials and guards of the existence of the substantial risk and that the officials had considered the possibility that the risk could cause serious harm." *Washington v. LaPorte Cty. Sheriff's Dept.*, 306 F.3d 515, 518 (7th Cir. 2002) (citing *Farmer*, 511 U.S. at 834). Stating this another way, a plaintiff must demonstrate that he had an objectively serious medical condition and that the defendants were subjectively aware of and consciously disregarded that condition. *Farmer,* 511 U.S. at 837. A medical need is considered sufficiently serious if the inmate's condition "has been diagnosed by a physician mandating treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention." *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011) (citations omitted).

3

Severe pain is considered a serious medical need which if untreated, may give rise to an Eighth Amendment claim. See Berry v. Peterman, 604 F.3d 435, 441 (7th Cir. 2010) ("A significant delay in effective medical treatment also may support a claim of deliberate indifference, especially where the result is prolonged and unnecessary pain."). Ordinary negligence by prison officials, however, is not enough to demonstrate an Eighth Amendment violation. *Washington*, 306 F.3d at 518. Moreover, it is not enough to show that prison officials merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995).

According to an online medical resource, lipoma's are the most common tumor to form beneath the skin. They grow when a lump of fat starts to grow in the soft tissue of the body, and are particularly common in middle-aged men and women. Because they normally don't hurt, the usual treatment is to leave them alone. They can cause pain, however, if they bump up against nearby nerves or have blood vessels running through them. *What is a Lipoma?*, WEBMD, https://www.webmd.com/skin-problems-and-treatments/what-is-a-lipoma#1 (last visited Apr. 6, 2018).

If all this is true, then Plaintiff's claim of severe pain may be questionable. But my screening decision must be based on the allegations of the complaint, and courts are not free to supplement the record with online medical sources. *See* ABA MODEL CODE OF JUDICIAL CONDUCT Canon 2 r. 2.9 cmt. 6 (AM. BAR ASS'N 2008) ("The prohibition against a judge investigating the facts in a matter extends to information available in all mediums, including electronic."). Reading Plaintiff's claim liberally, as I must do at this stage of the proceedings, and accepting as true his allegations, which I also must do, Plaintiff has sufficiently stated a claim against Dr. Krembs for deliberate indifference to his lipoma and pain. Plaintiff has alleged that Dr. Krembs recognize his lipoma and the need for surgery, but has not yet scheduled it for almost six months. It may be that ultimately, it will be

4

shown that the surgery was not as urgent as Plaintiff alleges, but at this stage of the proceedings, Plaintiff has sufficiently stated a claim against Dr. Krembs for deliberate indifference.

Plaintiff has not stated a claim against Nurse Streel. Aside from being present when Dr. Krembs first diagnosed Plaintiff's lipoma, Plaintiff makes no allegations against Nurse Streel. Furthermore, the fact that Nurse Streel responded to several Health Service Requests is not sufficient to state a claim of deliberate indifference. Nurse Streel responded that she would schedule Plaintiff to be seen by Dr. Krembs. ECF No. 1-1 at 5, 7. Scheduling an appointment to be treated is the opposite of deliberate indifference.

In sum, the court finds that the plaintiff may proceed on a claim of deliberate indifference against Dr. Krembs but may not proceed on a claim against Nurse Streel.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS ALSO ORDERED** that Plaintiff's claim against Defendant Streel is **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the complaint.

5

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $338 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If the plaintiff is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

6

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.  It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address.  Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.  Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this   6th   day of April, 2018.

                                                    s/William C. Griesbach
                                                    William C. Griesbach, Chief Judge
                                                    United States District Court